UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80447-CIV-COHN/SELTZER

LYLE P. SILVER,

    Plaintiff,

vs.

BETH E. KARP, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DE 24] AND DISMISSING PLAINTIFF'S COMPLAINT [DE 1] FOR IMPROPER VENUE**

**THIS CAUSE** is before the Court on Defendants Selwyn Karp and Beth Karp's Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) & 12(b)(3) and/or to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [DE 24] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 31] ("Response"), and Defendants' Reply [DE 34-1], and is otherwise fully advised in the premises.

The Motion asks the Court to dismiss the Complaint [DE 1] for lack of personal jurisdiction over the Defendants, for improper venue, or—in the alternative—to transfer the case to the Eastern District of New York, where the moving Defendants contend that venue is proper. Upon consideration, the Court will grant the Motion and dismiss Plaintiff's Complaint because venue in this District is improper. The Court therefore does not reach the other issues that the Motion presents.

**I.    Background**

Plaintiff Lyle P. Silver ("Plaintiff") sues for Breach of Fiduciary Duty (Count I) and Conversion (Count III) concerning a partnership between Plaintiff and Defendant Beth

Karp.  Compl. at ¶29–34; 46–49.  Plaintiff also sues for an accounting of the partnership's "financial affairs and assets," and related records (Count II).  Compl. at ¶44.  Plaintiff has named four defendants in this suit: (1) Beth Karp ("Ms. Karp"), Plaintiff's alleged partner; (2) Selwyn Karp ("Mr. Karp"), Ms. Karp's father and the alleged manager of the partnership; (3) the partnership itself, the Beth Karp & Lyle Silver Partnership ("the BKLS Partnership"); and (4) JPMorgan Chase Bank, N.A. ("Chase"), which allegedly holds an account related to the BKLS Partnership.

Plaintiff alleges that the Karp and Silver families have done business together for the past forty years, including thirty years in which Plaintiff's father and Mr. Karp practiced law together.  Compl. at ¶1.  As part of the families' business dealings, Plaintiff and Ms. Karp created the BKLS Partnership in 1992, to extend loans for commercial and residential real estate.  Id. at ¶3.  Mr. Karp managed the partnership, and "wielded absolute control" over it.  Id. ¶15.  But Plaintiff and Ms. Karp "equally shared the BKLS Partnership's profits, losses, and capital."  Id. at ¶3.

By 2013, however, things had broken down.  "Beginning in 2013, representatives of [Plaintiff] demanded from [Mr. Karp] an accounting of all BKLS Partnership records," but Mr. Karp has refused to provide it.  Id. at ¶18.  Further, Plaintiff alleges that Mr. Karp instructed the partnership's accountants to "change the business structure" of the partnership "in a manner designed for the benefit of [Ms. Karp] and for the detriment of [Plaintiff], by amongst other methods, reducing [Plaintiff's] ownership interest."  Id. at ¶21.

Plaintiff pleads scant connection to the Southern District of Florida.  Plaintiff lives in Boynton Beach, Florida, which is in this District.  Compl. at ¶6.  But the BKLS

Partnership "is a New York partnership with its principal place of business in Lawrence, New York" and "[a]t all times material [to this suit] conducted business from Lawrence, New York." Id. at ¶9.  Mr. Karp, who Plaintiff alleges to have exercised "absolute control" over the partnership, is also domiciled in Lawrence, New York.[1]  Id. at ¶8.  Ms. Karp is "an individual domiciled in Atlanta, Georgia."  Id. at ¶7.  Nevertheless, Plaintiff alleges that "[t]his Court has personal jurisdiction over the defendants because the defendants' wrongful activities occurred within this jurisdiction," id. at ¶12, and that "[v]enue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the causes of action alleged herein arose in Palm Beach County, Florida," id. at ¶14.

Defendants have offered affidavits from Mr. and Ms. Karp to rebut Plaintiff's conclusory allegations that jurisdiction and venue are proper in this Court.  [See DE 24-1, 24-2, 34.]  Mr. Karp states that the partnership maintains its principal place of business at his residence in New York [DE 24-1 at ¶7], that the partnership transacts no business in Florida [Id. at ¶8], does not advertise in Florida [Id. at ¶9], that it has neither offices, nor employees, nor accounts in Florida [Id.], and that it has never loaned money in Florida [Id.].  Instead, Mr. Karp avers that the partnership "owns undeveloped parcels of land and improved residential real estate in Queens County, New York and provides loans secured by real property in New York to individuals and entities to finance the

---

[1]   Plaintiff's Response contains an additional factual assertion—not found in the Complaint—that Mr. Karp is a "snow bird" who "spends several months each year living in South Florida."  Resp. at p. 2.  The Court does not consider such unsworn statements made for the first time in a response memorandum.  See Skyline Corp. v. NLRB, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."); see also Ladner v. Litespeed Mfg. Co., 537 F. Supp. 2d 1206, 1217 (N.D. Ala. 2008) (citing same).  Even if the Court were to consider such statements, they would not change the outcome.  An affidavit from Mr. Karp states that he is retired, spends between 60 and 75 days a year in Florida, and that he does not engage in BKLS Partnership business while in the state.  [DE 34 at ¶¶9–10.]

3

purchase (and construction) of New York real estate." [Id. at ¶8.] Mr. Karp further states that the partnership maintains its records and bank accounts in New York [id. at ¶13], and works with an accountant based there [id. at ¶16]. Ms. Karp, in her affidavit, affirms that she has never resided in, conducted business in, or developed significant contacts with Florida [DE 24-2 at ¶¶9–20], and that Mr. Karp manages the partnership [id. at ¶6].

## II.     Discussion

The instant Motion asks the Court to dismiss Plaintiff's claims against Mr. and Ms. Karp for lack of personal jurisdiction and for improper venue. Motion at p. 1. Alternatively, the Motion asks the Court to transfer the case to the Eastern District of New York, where Mr. and Ms. Karp contend that venue is proper. Id. For the reasons set forth below, the Court determines that venue does not lie in this District and will dismiss the Complaint as to all Defendants, without prejudice to Plaintiff's ability to refile in an appropriate forum. Accordingly, the Court does not reach Defendant's arguments concerning personal jurisdiction.

### A.     Venue Standard

Defendants move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Section 1391 of Title 28 of the U.S. Code governs venue in federal civil actions. 28 U.S.C. § 1391(a). Pursuant to Section 1391(b), venue is proper in:

> (1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

>which any defendant is subject to the court's personal jurisdiction with respect to such action.

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The decision to transfer or dismiss is within the Court's discretion. Roofing v. Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982); Brownsberger v. Nextera Energy, Inc., 436 F. App'x 953, at *1 (11th Cir. Aug. 5, 2011).

In evaluating a motion to dismiss for improper venue without a hearing, the Court determines whether Plaintiff has made "only a prima facie showing of venue." Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). Further, "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." Id.; see also Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Finally, in analyzing the propriety of venue under Section 1391(b)(2), the Eleventh Circuit has stated that "only the events that directly give rise to a claim are relevant" and that "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (interpreting identical language from prior venue statute).  In conducting this analysis, "the proper focus of the venue

inquiry is on the relevant activities of the Defendants." Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009).

### B.     Venue Is Not Proper in This District

Plaintiff's Complaint contains no well-pleaded allegations connecting any of the Defendants to the Southern District of Florida.  Plaintiff alleges that Defendants breached fiduciary duties owed to him, refused to provide an accounting of the partnership's finances, and converted Plaintiff's interest in the partnership by changing the partnership's structure to benefit Ms. Karp.  Plaintiff does not state where these events allegedly took place.  Plaintiff does allege, however, that the partnership's principal place of business is New York, and that Mr. Karp—who exercised "absolute control" over the partnership, Compl. at ¶15—was also domiciled in New York.  Compl. at ¶¶8–9.

Plaintiff alleges that "[t]his Court has personal jurisdiction over the defendants because the defendants' wrongful activities occurred in this jurisdiction," Compl. at ¶12, and that "[v]enue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the causes of action alleged herein arose in Palm Beach County, Florida," Compl. at ¶14.  But these allegations are conclusory, not well pleaded, and not entitled to a presumption of truth.  See Iqbal, 556 U.S. at 680–81.

Moreover, Defendants have contradicted these allegations with affidavits. See Delong, 840 F.2d at 845 (stating that, on motion to dismiss for improper venue, a plaintiff's venue allegations are taken as true only to the extent they are not contradicted by a defendant's affidavits).  As observed above, Mr. Karp affirms in his affidavits that the partnership conducts no business in Florida and confines itself to real estate

6

transactions in New York, and that all its books and accounts are located there. [DE 24-1 at ¶¶7–9, 13, 16.]

With these points in mind, the Court turns to an evaluation of the Motion in light of the three alternative bases for venue in 28 U.S.C. § 1391.  As a preliminary matter, Plaintiff's Response defends venue as appropriate in this District only under Section 1391(b)(3).  See Resp. at p. 5. [2]  Nevertheless, this Order will analyze venue under each of Sections 1391(b)(1), (b)(2), and (b)(3).

Section 1391(b)(1) would permit venue in this District only if "all defendants are residents of the State in which the district is located."  Here, Ms. Karp affirms that she is a resident of Georgia, not Florida.  [See DE 24-2 at ¶¶9–20.]  Further, the Complaint alleges that Ms. Karp is domiciled in, and a citizen of, the State of Georgia.  Compl. at ¶7;  see also 28 U.S.C. § 1391(c)(1) (defining residency of a natural person as "the judicial district in which that person is domiciled").   The Court therefore concludes that venue is not proper in this District under Section 1391(b)(1).

Section 1391(b)(2) would permit venue in this District only if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in this District.  But, as detailed above, the Complaint contains no well-pleaded allegations tying Defendants' conduct to the Southern District of Florida.  Instead, Mr. Karp's affidavits suggest that any alleged tortious conduct occurred in or around Lawrence, New York, where Mr. Karp and the

---

[2]   The Court notes that this differs from the Complaint, which alleges that venue is proper because "the causes of action alleged herein arose in Palm Beach County, Florida."  Compl. at ¶14.

7

BKLS Partnership do business, and that any property at issue is located there. [DE 24-1 at ¶¶7–9, 13, 16.]

Finally, the Court considers venue under 28 U.S.C. § 1391(b)(3). Venue is appropriate under Section 1391(b)(3) only "if there is no district in which an action may otherwise be brought" under Section 1391(b)(1) and 1391(b)(2). See Algodonera de las Cabezas, S.A. v. American Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005). Here, venue is appropriate in the district where Defendant's allegedly tortious conduct occurred, under Section 1391(b)(2). Although the Complaint contains no well-pleaded allegations establishing where this might be, Defendants' affidavits state that Defendants conducted business in Lawrence, New York, which is in the Eastern District of New York. [See DE 24-1 at ¶¶7–9, 13, 16.] Accepting Defendants' affidavits, venue appears appropriate there. Plaintiff cannot establish venue in the Southern District of Florida under Section 1391(b)(3) for this reason. Accordingly, the Court determines that this District is an inappropriate venue for Plaintiff's suit.

### C.   Plaintiff's Case Will Be Dismissed, Not Transferred

Because the Court finds that venue is improper in this District, the sole remaining issue is whether the Court should dismiss this action or transfer it to another venue, such as the Eastern District of New York. This matter is within the Court's discretion. Roofing & Sheet Metal Servs., 689 F.2d at 985. "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it." Hemispherx Biopharma, 669 F. Supp. 2d at 1359.

Here, however, the Court will dismiss the case rather than transfer it. Importantly, in determining that venue does not lie in the Southern District of Florida, the Court relies upon Defendants' affidavits and a lack of relevant allegations in the

Complaint connecting this case to this District, rather than allegations that affirmatively establish that venue is appropriate in another district.  Plaintiff's well-pleaded allegations do not allege where any of Defendants' purported tortious conduct occurred.  The Court is not prepared to transfer the case to another district where venue in that district is not affirmatively established in the Complaint.  Moreover, Plaintiff has opposed Defendants' argument that the case should be transferred to the Eastern District of New York, and it is not certain that Plaintiff wishes to pursue his case in that forum.  See Brownsberger v. Gexa Energy, LP, No. 10-81021-CIV-HURLEY, 2011 WL 197464, at *6 (S.D. Fla. Jan. 20, 2011), aff'd, 436 F. App'x 953 (11th Cir. Aug. 5, 2011).  Plaintiff is of course free to refile the case in an appropriate forum if he so chooses.[3]

### III.     Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendants Selwyn Karp and Beth Karp's Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) & 12(b)(3) and/or to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [DE 24] is **GRANTED** to the extent it seeks dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue;

---

[3]     In a footnote to his Response, Plaintiff states, "If the Court determines any of the foregoing facts are not pleaded in the Complaint with adequate detail, then Plaintiff respectfully requests he be allowed to provide those details in an Amended Complaint." Resp. at p. 4 n.5. The Court declines to allow Plaintiff leave to amend.  "It is not appropriate to seek an order for affirmative relief in a response to a motion."  See Armington v. Dolgencorp, Inc., No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) (citing Fed. R. Civ. P. 7(b)); see also ComRehab Wellness Group, Inc. v. Sebelius, Case No. 11-23377-CIV, 2013 WL 1827675, at *7 n. 20 (S.D. Fla. Apr. 30, 2013) ("[A] response to a motion is not a motion.")  Moreover, it appears that amendment of the Complaint would be futile.  See Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

      2.      This case is **DISMISSED** without prejudice to Plaintiff's ability to refile it in a proper forum; and

      3.      The Clerk is directed to **CLOSE** the case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of August, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.